UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRETT LIVINGSTON,**
on behalf of himself and all other
persons similarly situated, known and
unknown,
        Plaintiff,

vs.

Case No:
Hon.
Magistrate Judge

**HURON CLINTON METROPOLITAN AUTHORITY,**
a municipal park district,
        Defendant.
_____/

Bryan Yaldou (P70600)
Leah Seliger (P79284)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiff*

_____/

## PLAINTIFF' COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff: Brett Livingston ("Plaintiff Livingston") by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for his Complaint against Defendant Huron Clinton Metropolitan Authority ("Defendant HC Metro Authority" or "Defendant"), hereby alleges the following:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff was an employee of Defendant HC Metro Authority whose rights under these statutes have been violated. He now seeks to recover the benefits owed to him under the FLSA due to Defendant HC Metro Authority's failure to pay Plaintiff minimum wage for all hours worked, failure to pay overtime wages for all hours worked in excess of 40 hours per workweek, and failure to maintain accurate records.

2. Plaintiff seeks a declaration that his rights under the FLSA have been violated, an award equal to the total amount of unpaid regular and overtime wages plus an equal amount of liquidated damages, and an award of reasonable attorneys' fees and costs, as provided for under the FLSA, to compensate him for the damages suffered and to ensure that he and other employees of Defendant HC Metro Authority will not suffer from similar unlawful conduct in the future.

## JURISDICTION AND VENUE

3. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff resides in this District, worked for Defendant in this District, suffered the damages at issue in this District; because Defendant has significant business contacts in this District; and because the actions and events giving rise to the instant claims occurred in this District.

## PARTIES

6. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

7. Plaintiff Livingston is an adult citizen of the State of Michigan, who resides in this judicial district.

8. Plaintiff Livingston is a former employee of Defendant HC Metro Authority at its Lake Erie Metropark location at 32481 West Jefferson Avenue, Brownstown Charter Township, Michigan 48173.

9. Defendant HC Metro Authority is a regional special park district with its registered administrative office address at 13000 High Ridge Drive, Brighton, Michigan 48114-9058.

## STATEMENT OF MATERIAL FACTS

10. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

11. Plaintiff is a former employee of Defendant HC Metro Authority who worked at its Lake Erie Metropark location at 32481 West Jefferson Avenue, Brownstown Charter Township, Michigan 48173.

12. During his employment with Defendant, an employer covered by the FLSA, Plaintiff worked as a lifeguard at the swimming pool at the Lake Erie Metropark.

13. Plaintiff Livingston began working for Defendant HC Metro Authority in or about 2011 as a lifeguard during the summer months from approximately May through August. Plaintiff Livingston subsequently worked for five summers for Defendant as a lifeguard.

14. The Lake Erie Metropark is one of a number of parks in a park district funded and operated by Defendant HC Metro Authority.

15. The district parks are open to the public year-round for a variety of outdoors activities including swimming, hiking, birdwatching, biking, and boating, as well as nature center activities.

16. The parks operated by Defendant are governed by one Board of Commissioners.

17. Defendant receives approximately 60 percent of its funding through property taxes. (Exhibit A)

18. Plaintiff is an American Red Cross certified lifeguard.

19. Plaintiff and all other lifeguards employed by Defendant HC Metro Authority are required by Defendant HC Metro Authority to spend one hour each week doing physical fitness training by swimming in the pool where they work. Defendant HC Metro Authority required all of its lifeguard employees to perform such physical fitness training only at specified times either immediately before or after the pool opened or closed to the public.

20. Plaintiff and all other lifeguards are required by Defendant HC Metro Authority to record and report their time spent on physical fitness training.

21. The American Red Cross Lifeguard Manual recommends that all lifeguards maintain a high level of physical fitness but does not mandate a specific regimen for certification. (Exhibit B)

22. Plaintiff and all other lifeguards employed by Defendant were not compensated for the time spent performing the hour of physical fitness training required by Defendant HC Metro Authority.

23. Defendant HC Metro Authority paid its lifeguard employees on a weekly schedule.

24. Upon information and belief, Defendant HC Metro Authority did not include the hour of physical fitness performed by its lifeguards in its lifeguards' time records and thus did not compensate them for that time.

25. Upon information and belief, Defendant HC Metro Authority enforced the same policy of unpaid but required physical fitness training for all of its lifeguard employees throughout the park district.

26. Plaintiff's hours of mandated physical fitness training are compensable time.

27. Plaintiff complained about the mandated but unpaid training hours to his supervisors, however the policy of unpaid but required training remained in place.

28. Plaintiff was a non-exempt employee of Defendant HC Metro Authority.

29. Plaintiff often worked overtime hours while employed by Defendant HC Metro Authority.

30. Upon information and belief, Plaintiff was paid one and one-half times his regular rate of pay for the overtime hours he worked, but never including the hour of required physical fitness training. (Exhibit C)

31. Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law. Upon

information and belief, Defendant HC Metro Authority used Plaintiff's work schedule as the basis for issuing payroll rather than the actual number of hours worked, including the physical fitness training hours.

32. Plaintiff, and similarly situated employees, seek payment of their unpaid minimum wage and overtime wages, and liquidated damages in an amount equal to Plaintiff's unpaid compensation as provided for under the FLSA 29 U.S.C. § 216(b):

> "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an *additional equal amount as liquidated damages.*" (emphasis added).

## COLLECTIVE ACTION ALLEGATIONS – VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVISIONS UNDER THE FLSA

33. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

34. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

35. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated employees of Defendant HC Metro Authority, who did not receive payment of minimum and overtime wages as required by the FLSA during the

relevant period because of Defendant HC Metro Authority's unlawful compensation practices and failure to maintain accurate records.

36. Plaintiff seeks to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> "All lifeguard employees who worked at any time during the past three years for Defendant HC Metro Authority and were subject to a policy wherein they were not paid their correct, full wages, including payment for mandated physical fitness training."

37. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255.

38. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendant HC Metro Authority's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all similarly situated employees who meet the description in ¶ 34 of this Complaint, employed by Defendant within three years from the date of filing.

39. Upon information and belief, Defendant HC Metro Authority employed nearly 200 lifeguards each year during the period relevant to this action.

40. The identities of these employees, as a group, are known only to Defendant HC Metro Authority. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is impractical.

41. Because employees who are similarly situated to Plaintiff are readily identifiable to Defendant HC Metro Authority and may be located through its records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for collective adjudication of their FLSA claims.

42. Collective adjudication is appropriate in this case because the employees whom Plaintiff wishes to notify of this action have been employed in positions similar to those of Plaintiff; have performed work similar to that of Plaintiff; and have been subject to compensation policies similar to those to which Plaintiff was subject, including nonpayment of wages for mandated hours of physical fitness training.

## COUNT I
### Violation of The Minimum Wage and Overtime Provisions of the FLSA

43. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

44. Plaintiff Livingston was an employee of Defendant HC Metro Authority as defined by the FLSA at 29 U.S.C. § 203(e), as he was "suffered or permitted" to work for Defendant.

45. Defendant HC Metro Authority was Plaintiff Livingston's "employer" as defined by the FLSA, 259 U.S.C. § 203(d), because Plaintiff Livingston was "suffered or permitted to work" by Defendant HC Metro Authority.

46. Defendant HC Metro Authority is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1). Defendant is an enterprise whose annual gross volume of sales made or operating revenue exceeds $500,000. 29 U.S.C. § 203(s)(1).

47. Defendant HC Metro Authority is required to comply with the requirements of the FLSA.

48. Plaintiff Livingston did not receive payment for all hours worked, namely the hours of physical fitness training mandated by Defendant, in violation of the minimum wage and overtime provisions of 29 U.S.C. § 206(a) and § 207(a).

## COUNT II
## Failure To Maintain Records

49. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

50. This count arises from Defendant HC Metro Authority's violation of the FLSA's record-keeping requirements, 29 U.S.C. sec. 211(c).

51. Pursuant to 29 U.S.C. sec. 211 (c), any employer subject to the FLSA shall make, keep, and preserve employment records documenting the wages and hours actually worked by each employee.

52. Defendant HC Metro Authority failed to maintain accurate records in its payroll system of employees' hours worked, in violation of the FLSA.

WHEREFORE, Plaintiff Livingston respectfully requests that the court enter judgment against Defendant HC Metro Authority and in favor of Plaintiff Livingston, declare that Defendant HC Metro Authority willfully violated the applicable minimum wage and overtime provisions of the FLSA, and grant Plaintiff Livingston compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to his compensatory damages and reasonable attorneys' fees and costs incurred in prosecuting this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant the following relief:

A.  That the actions of Defendant complained of herein be adjudicated, decreed, and declared a violation of Defendant's obligations under the FLSA;

B.  Find that Defendant HC Metro Authority willfully violated the FLSA, and enter judgement in Plaintiff Livingston's favor and accordingly against Defendant HC Metro Authority;

C.  Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C § 216(b), and require that notice of other lifeguards' right to join this action by filing with this Court written consent to do so

be given to all of Defendant HC Metro Authority's employees similarly situated to Plaintiff;

  D. Declare the rights of the parties and provide commensurate injunctive relief;

  E. Award Plaintiff compensatory damages in the amount of any wages that were not paid in accordance with the FLSA.

  F. Award Plaintiff liquidated damages in the amount of any wages that were not paid in accordance with the FLSA.

  G. Award prejudgement interest with respect to the total amount of untimely compensation to the extent permitted by applicable law;

  H. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant HC Metro Authority through its misconduct described above;

  I. Award reasonable attorneys' fees and costs to Plaintiff' counsel as allowed by applicable law and statute; and

  J. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiff, by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of themselves and others similarly situated, and hereby demand a trial by jury of the above entitled matter.

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Leah Seliger (P79284)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated:  February 8, 2018