## RELEASE AND SETTLEMENT AGREEMENT

Brett Livingston ("Livingston") enters into this Release and Settlement Agreement ("Agreement") on behalf of himself, his heirs, successors, assigns, executors and representatives of any kind, if any.

WHEREAS, on or about February 8, 2018, Livingston filed a lawsuit entitled *Brett Livingston v. Huron Clinton Metropolitan Authority,* Case Number 2:18-cv-10467 pending in the United States District Court for the Eastern District of Michigan ("Lawsuit"), against Huron Clinton Metropolitan Authority ("HCMA"); and

WHEREAS, HMCA has denied and continues to deny the allegations contained in the Complaint; and

WHEREAS, the parties desire to settle and resolve their differences, including, but not limited to, all matters pertaining to the Complaint and all matters pertaining to Livingston's employment with HMCA, including his FLSA claims, without any further proceedings or litigation;

NOW, THEREFORE, in consideration of the foregoing and of the terms, conditions and agreements hereinafter set forth, Livingston agrees as follows:

1. <u>Settlement Amount</u>: HMCA will pay Livingston a total of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) ("Settlement Amount"), to be paid in two checks as follows:

   a. One check made payable to "Brett Livingston" in the amount of One Thousand Two Hundred Fifty Dollars ($1,250.00), less applicable withholdings, for lost wages. HMCA will issue a W-2 for this payment as required by law.

   b. One check made payable to the The Law Offices of Bryan Yaldou, PLLC, in the amount of One Thousand Two Hundred Fifty Dollars ($1,250.00) for attorney fees and costs. HMCA will issue 1099s for this payment as required by law.

   Livingston understands and agrees that the Settlement Amount is allocated to all state and federal wage claims which Livingston raised or could have raised in his Lawsuit and otherwise arising out of his employment with HMCA, including, but not limited to claims raised in the above-referenced Lawsuit.

   Livingston understands that this agreement is subject to release under the Freedom of Information Act, and is contingent upon approval by the United State District Court for the Eastern District of Michigan.

2. <u>Tax Treatment</u>: Livingston agrees to pay all taxes which may be due in connection with the aforementioned settlement payment or any portion thereof in a timely manner. Livingston and his attorney understand that HMCA does not make any representations

with regard to the tax consequences either he or her attorney may incur with regard to the payments set forth above.

3. <u>No Admission of Liability</u>: This Agreement does not constitute an admission by HMCA that any action it took with respect to Livingston was wrongful, unlawful or in violation of any statute, law or regulation. Instead, this Agreement is entered into solely for the purpose of compromise and to avoid the further cost of litigation. HMCA expressly denies any wrongdoing.

4. <u>Requirements for Payment of Consideration</u>: The settlement checks listed in Paragraph 1 shall be paid by HMCA within 30 days after the Court Approves this Settlement Agreement, and of the receipt by Respondent's counsel, Charles T. Oxender, of Miller, Canfield, Paddock & Stone, P.L.C., of this signed Agreement and a completed W-9 for Livingston's counsel.

5. <u>No Other Actions or Liens:</u> Livingston represents that, except for this Lawsuit, he has filed no other court actions, charges of discrimination, grievances or other proceedings of any kind against HMCA or its past or present employees which are currently pending before any federal, state or local agency or court, and Livingston agrees that he will not file any further complaints, cases, grievances or charges asserting any claim released in Paragraph 6 below. Livingston represents and warrants that no liens, claims, Complaints, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Matters (as defined below). Livingston further agrees the he, and not the Released Parties, shall be responsible for satisfying all such liens, claims, Complaints, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

6. <u>Releases</u>: Livingston hereby releases and forever discharges HMCA and HMCA's past and present employees, directors, officers, agents, shareholders, insurers, attorneys, executors, assigns and other representatives of any kind ("Released Parties"), from any and all claims, complaints, rights, liabilities, grievances, and causes of action of any kind or nature, known or unknown, arising prior to or through the Effective Date of this Agreement, including but not limited to any claims, complaints, rights, liabilities, grievances, and causes of action arising or having arisen out of or in connection with his employment with HMCA.

Livingston and HMCA further agree that this Agreement releases and discharges HMCA and any Released Parties from each, every and all liability to Livingston for any damage to person or property whatsoever, whether now known or unknown, apparent or not yet discovered, foreseen or unforeseen, developed or undeveloped, resulting or to result from claims alleging violations of the Michigan's Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964, occurring prior to and through the date of this Agreement. In addition, this release specifically includes, but is not limited to, a release of any and all claims pursuant to federal and state wage payment laws; any and all federal, Michigan and local fair employment laws including, but not limited to: the Fair Labor Standards Act; the Michigan's Persons with Disabilities Civil Rights Act; the Americans with Disabilities Act (as amended); the Age Discrimination in Employment Act of 1967; Executive Order 11246; the Rehabilitation Act of 1973; the Family and Medical Leave Act; the Reconstruction Era Civil Rights Acts; the Civil Rights Act of 1991; the Genetic Information Nondiscrimination Act of 2008; the

Whistleblower's Protection Act; the Patient Protection and Affordable Care Act; state and federal family and/or medical leave acts; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Employee Retirement Income Security Act of 1974; any amendments to the aforementioned laws; and any other federal, state or local laws or regulations of any kind, whether statutory or decisional.  The general release contained in this Agreement also includes, but is not limited to, a release by Livingston for any tort, breach of express or implied contract, defamation, misrepresentation, discharge against public policy, conspiracy, retaliatory discharge, invasion of privacy, or intentional infliction of emotional distress claims, and all claims that were raised or could have been raised in the Complaint.  This release covers both claims that Livingston knows about and those he may not know about as well as both liquidated and unliquidated claims, up to and through the date of this Agreement.  Livingston represents that he has not given or sold any portion of any claim discussed in this Agreement to anyone else.

7. <u>No Re-employment by HMCA</u>:  Livingston agrees that he will not at any time after execution of this Agreement apply for a position with HMCA, and that this Agreement is sufficient and appropriate legal justification for denying employment and for termination of Livingston's employment if he is hired.

8. <u>Attorney Fees</u>:  It is agreed that each party shall be fully responsible for its respective attorney fees and costs, and it is expressly acknowledged that the payment to be made under Paragraph 1 above includes all of Livingston's attorney fees and costs.

9. <u>Choice of Law:</u>  This Agreement, and each and every term and provision hereof, shall be construed in accordance with the laws of the State of Michigan.

10. <u>Complete Agreement:</u>  This Agreement constitutes and contains the entire agreement and understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, agreements or understandings between the parties concerning any of the provisions of this Agreement.

11. <u>Severability:</u>  If any portion of this Agreement is found to be unenforceable, all parties desire that all other portions that can be separated from it, or appropriately limited in scope, shall remain fully valid and enforceable.

12. <u>Livingston's Review of Agreement</u>:  Livingston confirms that he has had an opportunity to consult with his attorney, Bryan Yaldou, regarding this Agreement, that he has carefully read the terms of this Agreement and is fully aware of the Agreement's contents and legal effects and that he executes this Agreement voluntarily and of his own free will, without coercion or duress.  Livingston agrees that he has not relied on any statement, representation or promise by HMCA in considering this Agreement beyond those set forth herein.  Livingston understands this Agreement contains a final general release and that he can make no further claim of any kind against HMCA or any of the other Released Parties arising out of actions occurring through the date of this Agreement.

## READ BEFORE SIGNING THIS IS A RELEASE

IN WITNESS WHEREOF, Brett Livingston executes this Agreement voluntarily on the date written below.

_____  Date: 6/14/18
Brett Livingston

Subscribed and sworn to before me
this **14th** day of **June**, 2018
_____
Notary Public, **Oakland** County, Michigan
My Commission expires: 7/9/21

31570779.1\042460-00060